IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00598-BNB

OLOYEA D. WALLIN,

        Applicant,

v.

KEVIN P. ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 2 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DISMISS

---

I. Background

        Applicant, Oloyea D. Wallin, is a prisoner in the custody of the Colorado
Department of Corrections (DOC) at the Cheyenne Mountain Re-Entry Center in
Colorado Springs, Colorado.  Mr. Wallin, acting ***pro se***, initiated this action by filing an
Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Wallin is
challenging Colorado Criminal Case No. 00CR805, in which he was sentenced to thirty
months of incarceration at the DOC.  (Application at 2.)  (***Id.***)  Mr. Wallin also states that
he did not file a direct appeal, but he did file five postconviction motions, the first of
which was filed on December 10, 2001.  (***Id.*** at 2-4 (including four attached pages
behind Page Four).)

        In an order entered on May 10, 2010, Magistrate Judge Boyd N. Boland directed
Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 24, 2010, Respondents filed a Pre-Answer Response. Mr. Wallin filed a Reply on June 21, 2010. On review of the Pre-Answer Response and the Reply, Magistrate Judge Craig B. Shaffer instructed Respondents to supplement the Pre-Answer Response to address the disposition of the December 10, 2001, postconviction motion. Magistrate Judge Shaffer also instructed Respondents to address the disparity between their argument in this case that the Application is not timely under 28 U.S.C. § 2244(d) and their concession in *Wallin v. Abbott*, No. 08-cv-01650-ZLW (D. Colo. Feb. 13, 2009), that with respect to the same criminal case the application was timely under § 2244(d).

On July 20, 2010, Respondents filed a Supplemental Response. They argue that two of Mr. Wallin's postconviction motions were dismissed at the November 5, 2002, hearing, including the December 10 postconviction motion. Respondents contend that, even if Mr. Wallin believed he had postconviction motions pending in state trial court, he did not inquire about the status of the motions. (Supp. Resp. at 2.) Respondents also contend that criminal defendants bear the responsibility of seeking rulings on motions they file, and a failure to seek a ruling constitutes an abandonment of the motion under Colorado procedural rules. (*Id.*) Respondents further assert that their timeliness concession in Case No. 08-cv-01650-ZLW was inaccurate in that they did not take into account *Allen v. Siebert*, 552 U.S. 3 (2007), holding that if a state court finds a state postconviction application is not filed in a timely manner under state law the motion does not toll the running of the § 2244(d) limitation period. *Id.* at 7.

2

In his Supplemental Reply, Mr. Wallin asserts that he did not abandon his December 10, 2001, postconviction motion. (Supp. Reply at 1.) Mr. Wallin further asserts that the trial court entered an order granting his Colo. R. Crim. P. 35(b) postconviction motion and resentencing him to thirty months in the DOC (*id.* at 2) at the hearing on November 5, 2002; but he also asserts that the court failed to rule on his two postconviction motions, including the motion he filed on December 10 and the motion counsel filed on October 28, 2002. (*Id.*) Mr. Wallin contends he pursued an appeal of the December 10 and October 28 postconviction motions in the Colorado Court of Appeals (CCA) because the state trial court did not rule on them, asking the CCA to deem the motions denied; the CCA denied his request; and as a result the December 10 and October 28 motions are pending in the state trial court. (*Id.*) Mr. Wallin concludes that Respondents' abandonment argument fails and that the action should proceed. (*Id.*)

II.  Analysis

The Court must liberally construe Mr. Wallin's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

A.  Time Bar/28 U.S.C. § 2244(d)

Section 2244(d), 28 U.S.C., provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

to the judgment of a State court.  The limitation period shall run from the latest of—

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert and Mr. Wallin concedes the following.  In April 2001, Mr. Wallin pled guilty to felony menacing, and on August 15, 2001, he was sentenced to four years in community corrections.  In November 2001, the community corrections board notified Mr. Wallin that he was rejected from the program.  The trial court then sentenced him on November 30, 2001, to four years in prison.  On December 10, 2001, Mr. Wallin filed a postconviction motion.  The trial court held a hearing on February 6,

2002, at which Mr. Wallin was granted an evidentiary hearing on his ineffective assistance of counsel claims. Mr. Wallin submitted a Colo. R. Crim. P. 35(b) postconviction motion on April 1, 2002. Appointed counsel filed a second Rule 35(c) motion on October 28, 2002. At a hearing on November 5, 2002, the trial court granted Mr. Wallin's Rule 35(b) postconviction motion and resentenced Mr. Wallin to thirty months in the DOC. Mr. Wallin filed at least two additional postconviction motions but not earlier than April 2004.

At the request of this Court, the Arapahoe County District Court provided the state court record for Mr. Wallin's criminal proceeding in Case No. 00CR805. The record includes a reporter's transcript of the hearing on November 5, 2002. The transcript includes the following:

> MR. AHMANN: Correct, Judge. I think that–in cutting to the chase–that myself and the District Attorney have reached an agreement that may save the Court some time on this issue. In the sentence, that what we would be asking the Court to do is to re-sentence Mr. Wallin on an original 35(b) that he had submitted sometime back in April to two and a half years in the Department of Corrections, which would then also make my Motion that I filed for post-conviction relieve [sic] a moot point, and all other Motions that were raised in the file would be abandoned by Mr. Wallin with the understanding that he would receive two-and-a-half years in the Department of Corrections, with the proper credit being given from the sentencing date of 11/30/2001, which the Court had just referred to about the 79 days of residential credit, with 46 days of presentence confinement time, and then, obviously, the sentence run from that date as well.

> THE COURT: Is that correct?

> MR. LEROI: Yes, Your Honor. . . .

> THE COURT:  . . . Okay. Mr. Wallin.

THE DEFENDANT: Yes, sir.

THE COURT: You have filed a 35(b) seeking reduction of your sentence by virtue of the errors made by the Court. And based on what Mr. Ahmann and Mr. Leroi, the prosecutor, have told me, I'm inclined to grant the Motion. Do you wish to-- what I'm trying to ask, do you wish to say anything else?

THE DEFENDANT: No, Your Honor. I think--no. I think it's pretty clear, Your Honor.

Based on the transcript, the Court finds that Mr. Wallin agreed to the abandonment of the two postconviction motions, which were pending at the time of the November 5 hearing. Therefore, from December 21, 2002,[1] the day after the time ran for Mr. Wallin to file an appeal of the November 5 hearing, until at the earliest April 1, 2004, Mr. Wallin did not have a postconviction motion or collateral proceeding pending in state court. The Court finds that contrary to respondents' concession in Case No. 08-cv-01650-ZLW, Mr. Wallin's § 2254 was not timely when he filed that action. Because a district court may *sua sponte* consider timeliness where a State's concession was based on an "inadvertent error," *see Day v. McDonough*, 547 U.S. 198, 209 (2006), this action is time-barred under § 2244(d).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2652 (internal quotation marks and citation omitted); *accord Yang*

---

[1] Mr. Wallin had forty-five days to appeal the results of the November 5 hearing. *See* Colo. App. R. 4(b).

6

*v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930.  Finally, Mr. Wallin bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Mr. Wallin fails to allege any facts that might justify equitable tolling of the one-year limitation period in his Application.  Furthermore, Mr. Wallin had the opportunity to reply and state why the time should be tolled for purposes of § 2244(d).  Mr. Wallin's only argument is that because the trial court failed to rule on the December 10 and the October 28 postconviction motions at the hearing on November 5, 2002, the motions are pending and the time is tolled for purposes of § 2244(d).

The Court has reviewed each filing submitted to the state court from November 6, 2002, the day after the trial court agreed to find the December 10 and October 28 motions abandoned, until April 22, 2004, the day prior to when Mr. Wallin's third postconviction motion was filed on the docket.  The Court finds that none of the filings Mr. Wallin submitted to the court during this time inquired about the status of either the December 10 motion or the October 28 motion.  Mr. Wallin's filings pertained to presentence confinement credit, *see State of Colo. v. Wallin*, No. 00CR805 (Trial Court Record) at Entry No. 265, and to a parole hold, *see id.* at 309.  Even in the postconviction motion submitted to the trial court on April 1, 2004, Mr. Wallin did not inquire about any postconviction motions that he believed were pending before the trial

7

court.  Nothing Mr. Wallin states in the Reply, the Supplemental Reply, or the

Application sets forth a demonstration that equitable tolling is justified.  Therefore, the

Application will be denied as time-barred under 28 U.S.C. § 2244(d).

B. State-Court Exhaustion

Mr. Wallin also has failed to exhaust his state court remedies.  Pursuant to 28

U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted

unless it appears that the applicant has exhausted state remedies or that no adequate

state remedies are available or effective to protect the applicant's rights.  *See*

*O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36

F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the

federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*,

489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be

presented properly "to the highest state court, either by direct review of the conviction or

in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the highest state court in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts," *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional

8

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Wallin's *pro se* status does not exempt him from the requirement

9

of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Mr. Wallin's claim. *Id.* Since Mr. Wallin's first two postconviction motions were disposed of by the trial court as a result of the hearing on November 5, 2002, each of the postconviction motions filed on April 23, 2004; November 23, 2005; and November 17, 2008, are successive, as determined by the CCA. *See State of Colo. v. Wallin*, No. 09CA0302 (Colo. App. Sept. 24, 2009); *see also State of Colo. v. Wallin*, No. 06CA0379 (Colo. App. Aug. 16, 2007). The Court, therefore, agrees that Mr. Wallin has procedurally defaulted his claims in state court and failed to demonstrate either cause and prejudice or a fundamental miscarriage of justice with respect to the default. Nonetheless, the Court will dismiss the action as time-barred under 28 U.S.C. § 2244(d).

III. Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Wallin has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

10

DATED at Denver, Colorado, this ___10th___ day of ___November___, 2010.

BY THE COURT:

_Zita Leeson Weinshienk_

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00598-BNB

Oloyea D. Wallin
Prisoner No. 111389
CMRC
2925 East Las Vegas Street
Colorado Springs, CO 80906

Paul Koehler
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 11|12|10

GREGORY C. LANGHAM, CLERK

By:_____
              Deputy Clerk