IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00598-ZLW

OLOYEA D. WALLIN,

    Applicant,

v.

KEVIN P. ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
              CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

On December 23, 2010, Plaintiff, Oloyea D. Wallin, submitted a Motion for Reconsideration of Dismissal of Petition for Habeas Corpus. The Court must construe the Motion liberally because Mr. Wallin is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 60(b) and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for reconsideration filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set

forth under Rule 59(e)). Mr. Wallin's Motion was filed over twenty-eight days after the Court's Order of Dismissal was entered on November 12, 2010. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Although Mr. Wallin filed two motions for an extension of time to submit a motion for reconsideration (*see* Doc. Nos. 32 and 34), as Mr. Wallin was instructed in the Order Denying Motion for Extension of Time entered on December 8, 2010 (Doc. No. 31), the Court lacks authority to grant Mr. Wallin an extension of time to submit a motion for reconsideration.

Upon consideration of the Motion for Reconsideration and the entire file, the Court finds that Mr. Wallin fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the Court finds that Mr. Wallin has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b). Even if the Court were to consider Mr. Wallin's Motion as filed pursuant to Fed. R. Civ. P. 59(e), the Court finds that Mr. Wallin fails to demonstrate some reason why the Court should reconsider and vacate the November 12 Order of Dismissal.

In the Motion for Reconsideration, Mr. Wallin argues that his § 2254 Application is not time-barred because he has up to three years to seek postconviction relief or collateral remedies of his conviction in state court. Finding Mr. Wallin's postconviction motions may have been filed within the Colorado's three-year window does not overcome the one-year procedural bar limiting federal habeas relief. The one-year statutory limitation on seeking habeas relief has not been held to conflict with federal

constitutional protections even when the limitation is shorter than the limitation allowed in comparable state remedies. *Wager v. Milyard*, 202 F. App'x 339, 340 (10th Cir. Nov. 28, 2006) (unpublished).

Mr. Wallin further argues in the Motion for Reconsideration that he did not abandon the two postconviction motions, which were pending at the time of his November 5, 2002 hearing. The Court discussed this issue with great detail in the Order of Dismissal based on the state court records that were provided by the state court. Nothing Mr. Wallin presents in his Motion for Reconsideration establishes that the two postconviction motions pending at the time of the November 5 hearing were not resolved at that time, whether they were dismissed or deemed abandoned by the state court, in light of the state court granting Mr. Wallin a sentence reduction. Therefore, the Court finds Mr. Wallin has failed to assert that either extraordinary circumstances would merit relief under Rule 60(b) or a misapplication of the law or misunderstanding of his position would merit relief under Rule 59(e). Accordingly, it is

ORDERED that the Motion for Reconsideration (Doc. No. 33) filed on December 23, 2010, is construed as filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 22nd day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01317-LTB

Oloyea D. Wallin
Prisoner No. 111389
Cheyenne Mtn Re-entry Ctr
2925 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk